IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LEE JASPAR,

        Plaintiff,                    No. CIV S-06-1797 MCE EFB P

      vs.

MOORS, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the $350.00 filing fee. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The complaint states a cognizable claim for relief against defendant Moors pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. If plaintiff chooses to amend the complaint to proceed on claims against defendants Winters, Jensen, Twyman, Veal, Pearson, and Grannis, the amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.

1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendant Moors.

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the complaint filed August 14, 2006.

3. Within thirty days from the date of this order, plaintiff shall either:

   a. File an amended complaint that states a claim against all named defendants; or

   b. Complete the attached Notice of Submission of Documents and submit the following documents to the court:

      a. The completed Notice of Submission of Documents;

      b. One completed summons;

      c. One completed USM-285 form ; and

      d. Two copies of the endorsed complaint filed August 14, 2006.

4. Plaintiff need not attempt service on defendant and need not request waiver of service.  Upon receipt of the above-described document, the court will direct the United States

1  Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4
2  without payment of costs.
3  DATED:   November 13, 2006.

> EDMUND F. BRENNAN
> UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT
9           FOR THE EASTERN DISTRICT OF CALIFORNIA
10 MATTHEW LEE JASPAR,
11        Plaintiff,                    No. CIV S-06-1797 MCE EFB P
12    vs.
13 MOORS, et al.,                       NOTICE OF SUBMISSION
14        Defendants.                   OF DOCUMENTS
15 _____/
16        Plaintiff hereby submits the following documents in compliance with the court's
17 order filed _____:
18        ____    completed summons form
19        ____    completed USM-285 forms
20        ____    copies of the _____
                              Complaint/Amended Complaint
21 DATED:
22
23
                                         _____
                                         Plaintiff
24
25
26