IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LEE JASPAR,

      Plaintiff,                        No. CIV S-06-1797 MCE EFB P

vs.

J. WINTERS, et al.,

      Defendants.                 FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff, a prisoner without counsel, has filed this action under 42 U.S.C. § 1983 alleging that he was subjected to retaliation for having engaged religious activity protected by the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA" or the "Act"), codified at 42 U.S.C. §§ 2000cc, *et seq*. Currently pending before the court is defendant Moors' December 24, 2007, motion to dismiss.

**I.    Procedural History**

      This action proceeds on the complaint filed August 14, 2006. Following initial review of the complaint pursuant to 28 U.S.C. § 1915A, the court found that plaintiff stated claims for relief against defendant Moors. On February 13, 2007, defendant Moors moved to dismiss arguing that RLUIPA's framework does not apply to claims seeking redress for individual retaliatory acts. On December 5, 2007, the district judge adopted findings and recommendations, denied the motion to dismiss and ordered the defendant to answer the complaint withing twenty

1

days.  December 5, 2007, Order, at 2.  Rather than answer defendant Moors filed a second motion to dismiss on December 24, 2007.  That motion, styled as an "unenumerated Rule 12(b)" motion argues that one of plaintiff's claims should be dismissed for plaintiff's failure to exhaust the available state remedies as required by 42 U.S.C. § 1997e(a).[1]

## II.    Standards Applicable to this Motion

The Ninth Circuit has stated that failure to exhaust as required by 42 U.S.C. § 1997e(a) is a matter in abatement to be resolved pursuant to a motion made under "unenumerated Rule 12(b)."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  The Ninth Circuit reasoned that generally "summary judgment is on the merits," and a failure to exhaust is independent of the actual claims before the court.  *Wyatt*, 315 F.3d at 1119.  However, like nearly all motions challenging whether plaintiff has exhausted administrative remedies, defendants here rely on declarations and exhibits that are extrinsic to the complaint.  Indeed, the United States Supreme Court has, since *Wyatt*, clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving.  *Jones v. Bock*, 549 U.S. 199, __, 127 S.Ct. 910, 921 (2007).  In *Jones*, the Court acknowledged that affirmative defenses appearing on the face of the complaint may be raised under Rule 12(b).  *Jones*, 549 U.S. at __, 127 S.Ct., at 921.  But, in contrast to *Wyatt*, the Court explained that, "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract."  *Id.*  Thus, whether the defense goes to the merits is not the deciding factor in whether a defense is raised in a motion pursuant to Rule 12(b).  The deciding factor is whether the defense is apparent from the pleadings.  *Jones*, 549 U.S., at __, 127 S.Ct., at 920 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not

---

[1] It is not clear why defendant did not include all his defenses in a single motion. *See* Fed. R. Civ. P. 12(g)(2).  Nonetheless, the court now addresses the exhaustion argument which, as discussed below, is more properly addressed under Rule 56 standards.

entitled to relief."). Under Rule 12, when an affirmative defense is not apparent from the pleadings, the appropriate mechanism for resolving its applicability is summary judgment. Fed. R. Civ. P. 12(d) (where a party presents affidavits or other matters outside the pleadings in support of its motion, the court must treat the motion "as one for summary judgment under Rule 56."). Even *Wyatt* was clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint. It is a motion in which defendant must raise and prove by evidence the absence of exhaustion. *Id.* Thus, *Wyatt* provides further guidance. It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment." *Id.*, n.14. Moreover, after *Wyatt*, Ninth Circuit precedent has held that federal courts appropriately consider affirmative defenses, including failure to exhaust as required by 42 U.S.C. § 1997e(a), on summary judgment. *Panero v. City of North Las Vegas*, 432 F.3d 949, 952 (9th Cir. 2005).

Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Accordingly, the standards for a motion for summary judgment provide the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement.

**A. Rule 56 Standards**

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

////

3

Summary judgment avoids unnecessary trials in cases with no genuinely disputed material facts. *See Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, Rule 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over material facts; e.g., issues that can only be determined through presentation of testimony at trial such as the credibility of conflicting testimony over facts that make a difference in the outcome. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56©).

Focus on where the burden of proof lies as to the issue in question is crucial to summary judgment procedures. "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the opposing party must establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e. it affects the outcome of the claim under the governing law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving

party. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).[2]  In this regard, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  In attempting to establish the existence of a factual dispute that is genuine, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631.

Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  However, the opposing party must demonstrate with adequate evidence a genuine issue for trial. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989).  The opposing party must do so with evidence upon which a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252.  If the evidence presented could not support a judgment in the opposing party's favor, there is no genuine issue. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. at 323.

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be

---

[2] On October 13, 2005, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.

5

drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).

### B.  Failure to Exhaust

The applicable statute is 42 U.S.C. § 1997e(a), which provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statue makes exhaustion a precondition to suit." (citation omitted)).  A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).  Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002).  Defendant has the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit.

6

15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. Cal. Code Regs. tit 15, §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. Cal. Code Regs. tit. 15, § 3084.5. A division head reviews appeals on the first formal level, *see* Cal. Code Regs. tit. 15, § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See* Cal. Code Regs., tit. 15 § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. Cal. Code Regs. tit. 15, § 3084.1(a).

### III. Facts

Plaintiff alleges that Moors "impeded and substantially burdened" plaintiff's religious rights. Complaint (hereafter "Compl."), at 4. He claims that in November 2003, Moors prevented him from participating in or receiving various religious services. Compl., at 5, 6. He filed a grievance in 2003 and thus initiated the process that would lead to exhaustion of administrative remedies. Compl., at 7. But he alleges that sometime shortly thereafter the associate warden met with him and persuaded him to withdraw the grievance based on assurances the conduct complained of would not recur. *Id.,* at ¶ 5. The instant complaint alleges that two years later, in December 2005, plaintiff again was subjected to unwarranted burdens to the exercise of his religious rights and that this was done in retaliation for having filed the earlier grievance. *Id.,* at 6. Plaintiff filed a grievance as to the 2005 conduct on December 19, 2005, and the defendant concedes that plaintiff exhausted his administrative remedies as to that grievance. Def.'s Mot. to Dism., Mem. of P. & A. in Supp., at 7. Defendant disputes, however, whether plaintiff exhausted his remedies as to the 2003 grievance.

### IV. Analysis

Exhaustion, although an affirmative defense, is a precondition to suit. Here, it is undisputed that plaintiff exhausted as to the 2005 grievance, but failed to exhaust as to the 2003

grievance. Plaintiff concedes in his opposition that he failed to exhaust the November 2003 claim. Pl.'s Opp'n, at 3. He explains, however, that he references the November 2003 conduct only as background and context for understanding his claim of retaliation in 2005. It is apparent that he did not intend the reference as an independent claim. Rather, he states, "it should be clear that defendants motion is improper because the November 2003 conduct simply reflects the prior activities that led to palintiff [sic] later being retaliated upon for engaging in protected activities." *Id.*, at 4. He confirms he "does not dispute that if this action's claim commenced from the CDCR 602 APPEAL OF November 2003, this action would be mandated to be dismissed for failure to properly exhaust." *Id.*.

## V. Conclusion

Accordingly, it is hereby RECOMMENDED that defendant Moors' December 24, 2007, motion to dismiss, construed as a motion for partial summary judgment, be granted and that November 2003 claim be dismissed for failure to exhaust.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE